## LEE *vs.* TILLOTSON.

Where *referees* are appointed to hear a cause, and the trial actually requires the *examination of a long account*, they have power to allow *damages* for the non-performance of a special contract, the same as if the cause had been tried by a *jury*.

The provision in the constitution of the U. S. securing a trial by a jury, relates only to trials in courts organized under the constitution and laws of the U. S., and is no objection to a cause being heard by *referees* in the courts of this state ; nor is the similar provision in the constitution of this state an objection. Previous to the adoption of the state constitution, references were well known and sanctioned by statute.

At all events, a party having *waived* a constitutional provision cannot subsequently ask for its protection.

MOTION to set aside a report of referees. The action was *assumpsit* on an agreement in writing, dated January 1, 1825, signed by the parties, by which the defendant, among other things, agreed to furnish 6000 hides annually, for five years, at the Howard factory, Warwarsink, which the plaintiff agreed to tan in the best manner that the nature of the hides would admit of, and to transport them to the city of New-York. The defendant was to allow three cents per pound for the tanning and transportation, and furnish wood, lime, salts, &c. and keep the factory in repair. The plaintiff, in declaring, alleged breaches in not furnishing the stipulated number of hides, &c. The declaration also contained the common counts for work, labor, &c. The cause was referred, *by consent of parties ;* and the report was for the plaintiff $4594, which the counsel for the defendant now moved to set aside. The referees examined long accounts on both sides and struck a balance, among *other things allowing $6000 *special damages* against the defendant for not furnishing the stipulated [ *338 ] amount of hides, &c. in other words, for not stocking the yard as agreed by the defendant. This they did, notwithstanding an objection that they had no legal power to allow special damages. There were other questions passed upon in addition to those in reference to which the opinion of the court was delivered as reported beneath, which are deemed not necessary to be stated. The referees made a report in favor of the plaintiff for $4594, which the defendant moved to set aside.

*L. Maison,* for the defendant.

*J. Van Buren & H. M. Romeyn,* for the plaintiff.

Utica, July, 1840.—Lee v. Tillotson.

*By the Court*, COWEN, J.   It was agreed by the counsel for the defendant that the referees had no power to inquire of *damages* for breach of the special agreement, that not being *matter of account* within the 2 *R. S.* 305. 2d ed. § 40:  The trial would obviously require the examination of a long account ; and then the statute in terms authorizes the court to refer *the cause,* that is to say, the whole matter.   Such has been the uniform practice.   On the cause going down, every thing inquirable into on a trial should be heard and decided by the referees ; otherwise, a reference must be withheld on its appearing that the most trifling matter, a small note for instance, might be introduced at the hearing.   The statute, so far from restricting the power of reference to matters of account, alone, does not even confine it to actions arising *ex contractu*, though we have in practice confined it to such.   The limitation ought not farther to be narrowed by construction, when we consider how precious is time in some of our circuits.

But it is said the right to refer is absolutely unconstitutional, as being contrary to the seventh article of the amendments to the constitution of the United States.   That, however, relates to such courts only as sit under the authority of the United States.   In respect to the forms of [ *339 ] proceeding *in suits, the constitution and laws of the United States are regarded as those of a foreign government.

But the seventh article (§ 2) of our own constitution declares, that " the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever ;" and the case before us is supposed not to come within the exception.   It is a satisfactory answer, however, that references as broad as that now contended for by the plaintiff, were sanctioned by statute, and practised by the courts long before the adoption of the constitution.

The objection calls for the less countenance in this case, inasmuch as the parties mutually consented to the reference by writing.   This of itself is a waiver of the objection, even if the constitution stood in the way.   A party may waive a constitutional as well as a statute provision made for his own benefit.   The contrary argument would deprive a criminal of the power to plead guilty, on the ground that the constitution has secured him a trial by jury.

Motion to set aside report of referees denied,