CHRISTIAN DETMOLD, Respondent, v. P. H. DRAKE and DEMAS BARNES, Appellants.

The provision of section 178, of the "act to reduce several laws relating particularly to the city of New York into one act" (Revised Laws of 1813, chap. 86, Davies' Laws of N. Y., 534), which declares that upon the confirmation of the report of the commissioners of estimate and assessment, the mayor, etc., shall be seized in fee of the lands required for the opening or widening of streets, and the provision of section 181, of the same act, which declares all leases of lands thus taken void after such confirmation, is so modified by the provisions of chapter 210, Laws of 1818, which authorizes the city to suspend the opening, etc., of any street for a period not exceeding fifteen months, that the title of the city does not become absolute, until the corporation takes possession, or until the time fixed for the suspension of the work, or the fifteen months expires, and until the title of the owner is thus fully divested, he can recover for the use and occupation of the premises.

Under the construction thus given, these statutes are constitutional, at least, the owner has the right to waive the constitutional objection, and accept the use of the premises, as a compensation for the postponement of the payment of the amount awarded to him, and no one else can complain.

(Submitted May 22th, 1871; decided November 10th, 1871.)

APPEAL' from a judgment of the General Term of the New York Common Pleas, affirming a judgment entered upon the report of a referee in favor of plaintiff.

Action for use and occupation of a store in the city of New York, for a quarter ending in May, 1868.

The plaintiff, by lease dated March 8th, 1866, demised to the defendants the store and lot No. 105 Liberty street, New York, for five years from May 1st, 1866, at the annual rent of $5,000, payable on the usual quarter days.

The lease contained the following clause :   "And in case the city of New York shall take statutory proceedings, for the opening of any new street through the block in which said premises are situated, and shall require and take for such purpose the whole or any part of said premises, then upon confirmation of the report of the commissioners appointed in said proceedings, this lease shall become null and void, and the term and letting herein named shall, thereupon, cease and determine."

The defendants entered under this lease, and continued in possession until after the commencement of this action.

They paid rent regularly up to and including the quarterly payment, which fell due February 1st, 1868.

The report of the commissioners appointed in the proceedings to extend Church street, was confirmed by the Supreme Court at General Term, December 31st, 1867 ; proceedings being taken under the act of 1813, ch. 86, § 177, seq.  Defendants paid the February quarter's rent, without knowing that the assessment had been confirmed.

The greater part of the premises in question was taken for the street; a strip on the westerly side, about five feet wide in front, and two feet wide in the rear, by the whole depth of the lot, being left unappropriated.

No steps whatever were taken by the city authorities, to assume possession of the premises before commencement of this suit.

Previous to the commencement of this action, the city had never demanded possession of the premises, nor had the plaintiff received his award, although he had demanded it.

The city has never claimed rent either from the plaintiff or the defendants.

The defendants refused to pay the full rent May 1st, 1869, but tendered $181, as the proportionate amount due for the strip not taken for the street. This was refused, and this suit was commenced to recover the full quarter's rent due that day.

The action was commenced in the Common Pleas, New York, May 27th, 1868.

*E. L. Fancher*, for appellant. The fee passes to the city upon confirmation of the report. (Davies' Laws of N. Y., p. 529, 534, 538; Laws of 1813, ch. 86, § 178; Valentine's Laws, p. 1198; Hoffman's Treatise on the Corporation, p. 289; *The People* v. *Kerr*, 27 N. Y. Rep., 196, 197, 211; Hoffman's Treatise, 289; *Heyward* v. *The Mayor, etc.*, 7 N. Y., 319; Matter of Seventeenth street, 1 Wend., 262; *Drake* v. *Hudson River R. R. Co.*, 7 Barb., 508; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 101; *Knox* v. *Mayor, etc.*, of N. Y., 38 How. Pr. Rep., 72.) No interest or right is left in the persons from whom the lands are taken. (*The People* v. *Kerr*, 27 N. Y., 196, 211; *Heywood* v. *The Mayor*, 3 Seld., 314.) The right of plaintiff to the rent went with the title. (Washburn on Real Prop., 337; 1 Greenleaf Crim. Dig., 822; *Birch* v. *Wright*, 13 R., 378; *Demarest* v. *Willard*, 8 Cow., 206; *Bruden* v. *Thayer*, 3 Met., 76; *Peck* v. *Northrup*, 17 Conn., 217; *Van Wicklen* v. *Paulson*, 14 Barb., 654; *Nelles* v. *Lathrop*, 22 Wend., 123.) Tenant may show the landlord's title has been extinguished. (*Despard* v. *Walbridge*, 5 N. Y., 378; *Jackson* v. *Rowland*, 6 Wend., 670.) The statute terminates the lease, and an apportionment of rent is allowed as a damage to the landlord. (*Gillespie* v. *Thomas*, 15 Wend., 464; *Astor* v. *Hoyt*, 5 Wend., 603; Matter of Albany street, 11 Wend., 609; Matter of William street, 19 Wend.; *Gillespie* v. *Mayor, etc., of N. Y.*, 23 Wend., 643.) It is not necessary that the property taken should be paid for before appropriation. (*Bloodgood* v. *M. and H. R. R. Co.*, 18 Wend., 9; *Townsend* v. *M. C. and B. Co.*, Ct. of Appeals, N. Y. Transcript, 9 Jan., 10, 1869;

*Rogers* v. *Bradshaw*, 21 John., 744; *Calking* v. *Baldwin*, 4 Wend., 667; *Case* v. *Thompson*, 6 Wend., 634; *Rexford* v. *Knight*, 11 N. Y., 308.)

*G. D. F. Lord*, for respondent. The title of the premises remains in plaintiff, until possession is required for public use. (Constitution, art. 1, § 6; Matter of Albany street, 11 Wend., 149, 1834; *Embury* v. *Connor*, 3 Comst., 511, 1850; Matter of John and Cherry streets, 19 W., 659; *Bloodgood* v. *M. R. R. Co.*, 18 Wend., 59; Fletcher on Trustees, 49, 50; Lewin on Trustees, 234; *Embury* v. *Conover*, 3 Com., 511; Matter of Albany street, 11 Wend., 149.)

By the Court—PECKHAM, J. By the terms of the lease between these parties, it terminated and became void, upon confirmation of the report of the commissioners of assessment, in opening the new street. But the defendants continued to occupy the premises up to and after the first of said May, under an arrangement, that they would pay the rent if they were liable.

The statute of 1813, under which this street was widened, provides, that upon the confirmation of the report of the commissioners of estimate and assessment by the court, the mayor, aldermen, etc., of New York shall be seized in fee of the lands, etc., in the report mentioned, required for widening the street. (Davies' Laws of New York, 534.)

The act also makes all provisions of a lease thereafter void (§ 181, p. 537), and requires the city to pay the assessment within four months thereafter. (Id., 538, § 183.)

The act of 1818 authorizes the city to suspend the opening, etc., of any street for such time as it thinks proper, not exceeding fifteen months in the whole, after the confirmation of the commissioners' report, and that the city shall not be required to pay any assessment for such opening, etc., "until the expiration of four months after the expiration of the time or times, which may be appointed by it for carrying said improvements into effect." (Laws of 1818, p. 196.)

Under the act of 1813, unaffected by that of 1818, clearly this action would not lie. By that act not only the lease is avoided, but the absolute fee is vested in the city, upon confirmation of the report of the commissioners by the court. True, the party entitled does not receive his award until four months thereafter, and perhaps, the law presumes, that the commissioners took that into consideration, and allowed him interest for those four months in the amount awarded, although the statute in terms authorizes no such allowance. It requires the commissioners "to make a just and equitable estimate and assessment of the loss and damage," etc., by reason of the taking of the property. (Id., 529, § 178.)

To hold this act constitutional, either the commissioners must allow interest, or the absolute title must vest in the corporation when the money is due.

But the act of 1818 allows the whole matter to be suspended by the corporation, for not exceeding fifteen months after the confirmation of the report of the commissioners, and the corporation has four months thereafter in which to pay awards of damages.

No compensation is provided by the act, for the owner whose land is taken, for this delay of payment for nineteen months.

These acts were both passed, when the Constitution of this State, contained no provision as to compensation for property taken for public use.

To uphold them, they must substantially comply with the present Constitution, and must make "just compensation" for property taken for public use.

Liberally construed, with a view to attain the proposed ends, viz., the acquisition of the property when required for public use, and the payment of a just compensation, I think both acts may be upheld.

If the corporation does suspend the taking of possession of the property for fifteen months, it is clear that the public does not require that property for that time, and the fee of the corporation, is subject to the right of the owner to occupy till that time.

But suppose the corporation does not suspend, by any affirmative act, as it has not in this case, the result, it seems to me, is the same, if in fact it does not take possession.

When must it act? The act does not state. There is nothing in the act to prevent the corporation from declaring, in the twelfth month after the report is confirmed, that all proceedings for widening this street are suspended for three months. It cannot suspend more than fifteen months in all; but it may suspend for the residue, at any time prior to the expiration of the whole time.

Then why should not the plaintiff recover for use and occupation by the defendant during those fifteen months?

It is said the rent passes with the reversion; that when the title passes, the rent thereafter passes as an incident. " As a general proposition, having few exceptions, the transfer of a reversion carries with it the rent due and accruing thereafter." (Wash. on Real Prop., 451, and cases there cited.) There are exceptions. (8 Cow. R., 206; 29 N. Y., 147.)

Of course, where one takes an absolute fee, he takes everything necessary to make it so. If an outstanding tenancy were necessary, he must take that.

But by the construction given to these statutes, the owner of the land taken has some estate in it, until the expiration of the fifteen months, unless the corporation sooner takes actual possession, or suspend the proceedings for a shorter period, as before stated; and I see no legal objection to his recovering for use or occupation, for such time as he has the rightful possession and allows another its use.

Under these acts, the corporation would be bound to demand possession of the premises, before it could proceed summarily to dispossess an owner, if it took possession prior to the expiration of the fifteen months after confirmation of the report.

As, unless the corporation suspends the proceedings prior to the expiration of that time, and for a less time than fifteen months, the owner cannot know when, before the expiration

of the fifteen months' time, the corporation will want the possession.

When the corporation takes possession, or when the corporation suspends, or the whole fifteen months, expires, then the title of the city becomes absolute, and the rent must cease.

The construction thus given sustains the constitutionality of these statutes, and I think is in harmony with the interests of the city and of property owners.

This mode of reaching the result, is founded upon the idea, that there is some interest left in the owner, until he is either paid for the property, or possession thereof is taken by the city. That the two acts of 1813 and 1818 should be construed together, and that thus the intention of the legislature is plain, that the property is not taken until it is either actually taken possession of within the fifteen months, or until the expiration of that fifteen months, within which the corporation has power to suspend proceedings; thus leaving the owner in possession for that time, unless by some action he is sooner ejected.

No compensation can be presumed to have been allowed to the owner for the fifteen months' suspension, because it may be that there will be no suspension at all, that possession will at once be taken; or, if not immediately, then very soon; but when particularly, is wholly unknown.

No compensation, then, is made to the owner, for postponing the payment of compensation for his lot for fifteen months, unless he takes the use of the lot or its rent for that time.

If this be regarded as not a "just compensation," then the act of 1818 must be held unconstitutional.

The provision, it may be observed, of awarding compensation to the owner for taking his property, is for the owner's benefit. If it be not "just," within the meaning of the Constitution, then that mode of taking the property may be held to be unconstitutional. But as the provision is made for the benefit of the owner, he has a right to be satisfied with it, and to waive any constitutional objection thereto.

Statement of case.

In this case, it seems, he has so acted. He has kept the premises and demands the rent, according to the force of the act of 1818. No one else demands it; the corporation does not claim it; the defendant has no right to it.

By claiming and accepting this rent, the plaintiff declares his acceptance, as a compensation for postponing the payment of the money awarded to him for taking his property.

If he be satisfied with the compensation, I do not know who can complain. (*Embury* v. *Conner*, 3 Comst., 511; *Baker* v. *Braman*, 6 Hill, 47; *Lee* v. *Tillotson*, 24 Wend., 337.)

The judgment should be affirmed.

Ch. J. Allen and Folger, JJ., concur. Grover and Rapallo not voting.

Judgment affirmed.