## A. GORDON HAMERSLEY and JOHN W. HAMERSLEY *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK.

Where land has been taken by the corporation of New York for the extension of a street, under the act of 1818 (*Laws, chap.* 210,) and the damages of the owner have been assessed, and the owner allowed to remain in the possession and enjoyment of the premises, and to collect the rents, until actual possession was taken by the corporation, such continued possession and use of the premises are to be deemed equivalent in value to the interest on the award. Hence no action will lie against the corporation, to recover such interest. MULLIN, P. J., dissented.

The absolute requirement under the act of 1813 (*Laws, chap.* 86,) to pay the award *within* four months from the confirmation of the report is, by the act of 1818, changed to an obligation to pay four months *after* the expiration of the time appointed for carrying the improvement into effect. Until the arrival of the time appointed, or the expiration of the fifteen months, the possession, use and enjoyment of the lands are to remain undisturbed in the former owner and his tenants. There is no constitutional or other difficulty in carrying out this system. *Per* DAVIS, J.

APPEAL, by the defendants, from a judgment at the circuit, in favor of the plaintiffs.

The common council of the city of New York, in March, 1865, presented a petition to this court, praying for the appointment of commissioners to estimate and assess the damages sustained by owners and other persons interested in certain lands proposed to be taken for the purpose of extending Church street in said city. Such proceedings were had in this court, on the petition, that commissioners were appointed to assess said damages, and they made an estimate and assessment of such damages, in and by which they assessed the damages sustained by the plaintiffs, by reason of taking their land, at the sum of $93,180. The report of the commissioners was confirmed on the 30th of December, 1867.

On the 7th of December, 1868, the plaintiff presented to the common council a petition praying for the payment of the said damages, with interest from the 7th of January, 1868, the day on which the report was filed; but the same were not paid until the 12th of June, 1869.

The plaintiffs demanded the payment of interest on said damages from the expiration of four months from the confirmation of said report. This the defendants refused to pay. The plaintiffs received the amount of damages awarded. And it was conceded by the counsel that in the receipt for the damages the plaintiffs expressly stated they did not waive their claim for interest.

It was proved, on the trial, that the interest on the damages awarded to the plaintiffs from the 7th of December, 1868, when the petition was presented to the common council, until the 2d of June, 1868, was $3,274.93, and that the interest on that sum from the 12th of June, 1868, until the trial, was $160.95, making, in all, $3,435.98.

The defendants' counsel moved to dismiss the complaint, upon the following grounds:

1st. That no proper demand of the sum awarded had been made.

2d. That the plaintiffs having received the principal of the sum awarded, could not maintain an action to recover the interest.

3d. That on the facts proved, the plaintiffs were not entitled to recover.

The motion was denied, and the plaintiffs' counsel excepted.

The defendants put in evidence a resolution passed by the common council and approved by the mayor on the 13th of March, 1869; and that the actual opening of Church street took place on the first day of March, 1869.

The defendants offered to prove that the plaintiffs remained in the possession, and had not been disturbed in the use and enjoyment, of the premises for which the award was made, down to and including the time when the aforesaid principal was paid, and also down to the 13th of March, 1869. The plaintiffs objected to the evidence. The objection was sustained, and the defendants' counsel excepted.

The defendants' counsel renewed his motion to dismiss the complaint, on the grounds above stated and on the further ground that by the resolution of the common council the street was not opened until the 1st of March, 1869, and the damages did not become due until that time, and that on the whole case the plaintiffs could not recover.

The motion was denied, and the defendants' counsel excepted.

The court directed a verdict in favor of the plaintiffs for $3,435.98. To which ruling and direction the defendants' counsel excepted.

*A. J. Vanderpoel,* for the appellants.

*John E. Parsons,* for the respondents.

DAVIS, J.   By the statute of April 9, 1813, sec. 178, the corporation of the city of New York became seised in fee of lands taken for streets on the confirmation of the report of assessment of damages, &c., and were authorized "at any time or times thereafter to take possession of the same or any part or parts thereof without any writ or proceeding at law for that purpose." Under that statute the corporation were required within four calendar months after the confirmation of the report, to pay the awards, and if not paid, the parties in whose favor they were made were authorized at any time after application for payment to sue for and recover the same, with interest from the time of the application. The rights and remedies of the respective parties under this act were very simple and plain. The title vested in the corporation on confirmation of the report, and the immediate right of possession, and the power to take and exercise it at the pleasure of the corporation, were also given. The duty to pay *within* four calendar months was imposed, and the right to bring suit after application for payment and after the expiration of the four months, was conferred wholly independently of the action of the corporation in taking or omitting to take possession of the property. But this system was obnoxious to serious objections, for if one owner of the lands so taken was able to tie up the proceedings of the city by litigation, every other owner could at the end of four months demand and sue for his award, with interest, and at the same time keep his enjoyment of the premises, in some instances, for lengthy periods. Such or similar evils led to an amendment of the law. The act of 1818 (*Laws of* 1818, *p.* 196), was intended, I think, to make an important change in the system created by the act of 1813, and to relieve the city from some of the evils attendant upon that act. As I understand it the act of 1818 expressly clothes the corporation with authority to "suspend the

opening, extending, enlarging, altering and improving of any street, road, avenue or public place which may be ordered to be opened, extended, enlarged or altered in said city, in pursuance of the provisions" of the act of 1813, "for such time or times as they shall think proper, not exceeding fifteen months in the whole, after the confirmation of the report of the commissioners of estimate and assessment ;" and it provides further, that the corporation shall not be required to pay any sums of money which may be awarded to any person on account of the opening, &c., "until the expiration of four months after the expiration of the time or times which may be appointed by them as aforesaid for carrying the said improvement into effect."

The most sensible construction, as it seems to me, of this section is, that the corporation, after the confirmation of the report of the commissioners of estimate and assessment, are to appoint by some affirmative action, a time or times for carrying the improvement into effect ; that this appointment must be made within fifteen months at most, and until the time fixed by such appointment, the proceedings are suspended, and the fee and right of possession are taken subject to such suspension and the restriction it imposes upon the authority to enter upon and take actual possession of the lands. The absolute requirement under the act of 1813 to pay *within* four months from the confirmation of the report, is changed to an obligation to pay four months *after* the expiration of the time appointed for carrying the improvement into effect. Until the arrival of the time appointed or the expiration of the fifteen months, the possession, use and enjoyment of the lands are to remain undisturbed in the former owner and his tenants.

And I see no constitutional or other difficulty in carrying out this system. Every man whose lands are to be appropriated for a street has notice, upon the face of

the statute, that the city, at some time within fifteen months after the confirmation of the report of the commissioners may by appropriate action designate a time "for carrying the improvement into effect;" that until the time so designated, or until the expiration of fifteen months, his possession and enjoyment of the property are to be undisturbed; that at the expiration of such time the city is at liberty to take possession and proceed with the improvement, and that upon the expiration of four months after the time fixed he is entitled to payment of his award. The two statutes, collated and modified, as the former must be by the latter, produce a system easily understood and executed, applicable to all cases and working as little harm and injustice to either party as perhaps is practicable in such cases.

It is upon this view of the law, I think, that the cases already decided have a strong and reasonable foothold.

In *Strang* v. *The New York Rubber Co.* (1 *Sweeney*, *Sup. Court Rep.*, 78) it was held that the fee of the lands taken under these statutes does not pass to the corporation until the expiration of fifteen months from the confirmation of the report, unless some affirmative act be done indicating a different time for the succession, and therefore the lessor, during that period, may recover the rent of the premises from the lessee, if the latter continue in occupation. In *Detmold* v. *Drake* (46 *N. Y.*, 318) the right to recover under the same circumstances, of a lessee, was affirmed, and the court substantially held that the fee of the corporation is subject to the right of the owner to occupy till the expiration of the fifteen months, or the time fixed for the actual opening of the street.

It is urged that unless the time "for carrying the improvement into effect" be fixed by the corporation within four months after the confirmation of the report, the right of the owner of the land to immediate payment of his award becomes vested, and cannot be

affected by any subsequent action of the common council ; but this suggestion is of no force if the statute of 1818 has the effect to modify and change the act of 1813 as I have suggested. Of course, there may be hardships in given cases, in applying the statute as thus construed ; but it is difficult to avoid them under any construction. A uniform and well defined rule is the best for all parties ; and one which makes the city pay interest upon an award for premises, of which, during the time claimed for, the owner has the undisturbed enjoyment and possession, is likely to be more unjust than the presumption which the statute makes that the continued use is equal in value to the interest on the award.

I am of opinion that the judgment should be reversed, and a new trial ordered with costs to abide the event.

FANCHER, J. Conflicting opinions have been expressed as to the law relative to the opening and widening of streets in the city of New York.

It seems difficult to harmonize the statutes of 1813 and 1818. But in view of what has been decided, and especially in view of what has been held by the Court of Appeals, I suppose it is not strictly true that the confirmation of the report of the commissioners for widening Church street had the effect, as declared by the act of 1813, immediately to divest the owner of his title and right of possession ; nor did such confirmation abrogate, from that time, the leases between him and his tenants. Those consequences would have followed had it not been for the act of 1818. By force of the latter act, however, a new principle was introduced, and the widening was "suspended" for nineteen months from the confirmation of the report ; provided that, before the end of that period, the corporate authorities took no active measures to proceed with the widening, and did not enter into possession of the premises.

While they refrained from doing so, the possession was lawfully retained by the owner, and all the fruits of the possession belonged to the owner, during such suspension. He could waive all objection as to the unconstitutionality of the act of 1818, and accept its benefit; retain his rights as owner and landlord, and *even sue for the rent upon the leases existing at the confirmation of the report.* In such actions the landlord could recover of his tenants, provided they continued to occupy the premises, for the rent which accrued up to the time the corporation took possession, but not beyond the end of nineteen months from the confirmation of the report of the commissioners. (*Detmold* v. *Drake*, 46 *N. Y.*, 318.)

Such was the case here. The plaintiffs, as owners of the premises, availed themselves of the *benefits* afforded by the act of 1818. They waived any objection to the unconstitutionality of that act; assumed the validity of the privilege of suspension granted by it to the corporation; continued in possession of their premises and exercised their rights as landlords, by collecting rents from their tenants, for some time subsequent to the confirmation of the commissioners' report. The award in their favor was in contemplation of law the value of their premises, including interest, to the end of four months from the confirmation of the report.

The question now arises between them and the city, whether they shall have the land and the fruits of its possession under the act of 1818, and at the same time be paid for the value of the land with interest on such value after said four months, under the act of 1813, just as if no act of 1818 existed?

That would be to adjudge them entitled to the award and interest under the act of 1813, and at the same time to the incidental benfits of the "suspension" under the act of 1818.

Equity would seem to require that if they, by strict

Hamersley *v.* Mayor &c. of New York.

right and on constitutional grounds, are to be paid for their land under the act of 1813, when it appears they were not, according to that act, deprived of possession, on confirmation of the report, but were allowed the benefits of continued possession under the act of 1818, then they should in justice give credit to the city for whatever sums they have received for rent under the aid of the act of 1818.

I do not suppose the plaintiffs desire to stand upon both statutes, claiming the benefits both of the one and the other; for the two positions are inconsistent, and incompatible with justice. The course they have pursued has been to claim and retain the possession of the premises, and, as owners, to collect the rents, until the actual possession was taken by the corporation. I agree with Mr. Justice DAVIS that the statutes make the continued possession and use of the premises equivalent to the interest on the award.

The judgment should, therefore, be reversed, and a new trial ordered, with costs to abide the event.

MULLIN, P. J., dissented.

Judgment reversed, and new trial ordered.(*a*)

FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham, Fancher* and *Davis,* Justices.]

(*a*) Affirmed by Court of Appeals. 56 *N. Y.*, 533.