ELIZA WANSER v. PETER S. ATKINSON.

1. There is in this state no constitutional right to trial by jury on appeal from the courts for trial of small causes, in cases where no jury was demanded below.

2. If a party goes to trial before a justice, without demanding a jury, under statutes which provide that, on appeal from the decision of the justice, the cause shall be heard and determined by the appellate court without a jury, he thereby waives any right to jury trial on appeal.

3. No person has a *vested right* in any particular mode of procedure in actions at law; and, except where the constitution expressly guarantees some certain mode, the procedure may be modified by the legislature at will.

On *certiorari* to the Middlesex Common Pleas.

Argued at June Term, 1881, before Justices DIXON and PARKER.

For the plaintiff, *J. K. Rice.*

The opinion of the court was delivered by

DIXON, J. The plaintiff brought an action of trover and conversion to recover $50 damages, in a court for the trial of small causes, and on trial before the justice, without a jury, obtained judgment for $6. The defendant appealed to the Middlesex Pleas, where both parties demanded trial by jury in accordance with the provisions of the eighty-seventh section of the small causes act, (*Rev., p.* 555,) which was in force when the wrong complained of in the suit was committed, but which had been repealed March 12th, 1880, (*Pamph. L., p.* 326,) before the action was brought. This demand the Common Pleas refused, and on trial before the court the judgment was for the defendant. Hence, the plaintiff sued out this *certiorari*, and her sole complaint here is that a trial by jury was denied her.

Two questions are to be decided : First, whether the express constitutional guaranty of a right to trial by jury embraces appeals from the small cause court, where no jury had been demanded below. Secondly, whether the fact that the wrong was committed while the statute gave parties a right to jury trial on such appeals, placed this right beyond legislative power, so far as related to that wrong.

*First.* It is well settled that our constitutions did not enlarge the right to trial by jury which existed at their adoption. They were designed merely to preserve it inviolate in cases where it was previously enjoyed. *McGear* v. *Woodruff,* 4 *Vroom* 213 ; *Howe* v. *Plainfield,* 8 *Vroom* 145.

In deciding the first question, therefore, we must ascertain whether, at the time our earliest constitution was framed, such a right as is now set up, prevailed. This constitution was adopted July 2d, 1776, and declared " that the inestimable right of trial by jury shall remain confirmed, as a part of the law of this colony, without repeal, forever." At that time, " An act to erect and establish courts in the several counties in this colony for the trial of small causes, and to repeal the former act for that purpose," passed February 11th, 1775, (*Allinson, p.* 468,) was in force. This statute gave to justices of the peace jurisdiction over suits for demand not exceeding £6, and authorized either party to demand a jury of six men. The verdict of a jury was final; but if no jury was asked, trial was had before the justice, and from his decision an appeal was given to the Court of General Quarter Sessions of the Peace, to be heard and determined in a summary way by the justices thereof. This law was a substantial continuation of former statutes which had been enacted for limited periods only, during many years preceding. See *Allinson, p.* 119. Thus it appears that when the first constitution was adopted, there was no jury trial on appeal from the justice's court, and of course the right to such a trial was not secured by it.

It may, however, be argued that the jurisdiction of such courts has since been enlarged, and to deny the right in all cases, now or hereafter, within their cognizance, is to take it away

with reference to some demand for the enforcement or defence of which it was before enjoyed.   But the history of pertinent legislation shows it to have been uniformly considered, that in any cause which the legislature might make cognizable before these courts, there was no fundamental right to trial by jury on appeal from the justice's finding.   Thus the "Act constituting courts for the trial of small causes," passed March 15th, 1798, (*Pat.*, *p.* 313,) fixed the limit of jurisdiction at $60, gave a jury trial, on request, in the justice's court, and made the verdict of the jury final; but in case of trial by the justice, allowed an appeal from him to the Common Pleas, where the court was to hear and determine the appeal in a summary way.

The next "Act constituting courts for the trial of small causes," passed February 12th, 1818, (*Elm. Dig.*, *p.* 275,) increased the jurisdiction to $100, but contained the same provisions as the preceding, as to jury trials and appeals.   A supplement to this act, passed November 17th, 1820, (*Elm. Dig.*, *p.* 290,) first gave the right of appeal from the verdict of a jury, but it gave no right to a jury trial on appeal, even in such cases.   In this respect, it was probably unconstitutional, for it took away all value from the jury trial by rendering it inconclusive, and so, in effect, deprived the party of its benefit.   For this reason, I presume, a further supplement was enacted in the following year, November 23d, 1821, (*Elm. Dig.*, *p.* 290,) granting to either party a right to a jury trial on appeal from the judgment of a justice founded upon a verdict.   This statute introduced trial by jury in the appellate court, but it reached only cases decided by a jury below.   So the law stood when our second constitution was adopted in 1844, which decrees that the right of a trial by jury shall remain inviolate.   Never yet, however, had there been recognized any right to trial by jury on appeal from the decision of a justice, nor was there, ever, until the supplement of March 21st, 1857, (*Nix. Dig.*, *p.* 475,) ceding such right in cases of appeal from justices in the county of Essex, whence it was engrafted as a general law into the Revision of 1874.

Now, through all this period, it has never been adjudged or contended that the legislature, by increasing the jurisdiction of justices without providing for a jury trial in the appellate court, was invading the constitutional rights of suitors. And the reason, I think, is obvious. It is not necessary to hold that the legislature can, without consent of parties, transfer to a tribunal which hears and decides without a jury, a cause previously cognizable only in courts where juries exist. Such legislation might well be considered as forbidden. But where, as under the small causes acts, there is in every case a right to trial by jury, which can be lost only by such conduct of the party himself as may properly be considered a waiver of his right, there, I see no reason for doubting the legislative power. Parties may waive their merely private rights, whether constitutional or otherwise, at their pleasure. *Sedg. on Stat. & Const. L.* 111. And of this class is the right of trial by jury in civil causes. *Lee* v. *Tillotson*, 24 *Wend.* 337; *Ten Eyck* v. *Farlee*, 1 *Harr.* 348. It does not at all concern public interests, and if the legislature provides that by proceeding to trial before a justice without a jury, suitors shall be considered as surrendering all right to jury trial for the settlement of the pending controversy, parties so proceeding are bound by the waiver. Such is the effect of the small causes acts.

From the foregoing review of the statutes, it becomes evident, I think, that the express language of the constitution does not require the legislature to furnish a trial by jury to suitors on appeal from justices' courts, where they have chosen to try their cause without a jury in the first instance.

*Second.* This brings us to an examination of the plaintiff's second proposition, that the legislature could not take away the statutory right to a jury trial, which existed when the wrong complained of was perpetrated. The foundation for this contention is that the right set up was within the class of vested rights which are beyond the legislative power to destroy. No authority is cited to support this doctrine; and it is not sound. Let it be shown in any case that the right of trial by jury is unsecured by any express constitutional clause,

and it then becomes a mere incident of the procedure for the enforcement or defence of rights, and, as all such incidents, is subject to legislative supremacy. Justice Cooley seems to me to state in brief the result of true principles and of the adjudged cases, when he says:

" It would seem that a right cannot be regarded as a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Const. Lim.* 359.

" The right to a particular remedy is not a vested right. This is the general rule; and the exceptions are of those peculiar cases in which the remedy is part of the right itself. As a general rule, every state has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. It may give a new and additional remedy for a right already in existence. And it may abolish old remedies and substitute new." *Id.* 361.

" And any rule or regulation in regard to the remedy which does not, under pretence of modifying or regulating it, take away or impair the right itself, cannot be regarded as beyond the proper province of legislation." *Id.* 362.

This language may be subject to modification by our constitutional clause that the legislature shall pass no law depriving a party of any remedy for enforcing a contract which existed when the contract was made. *Art. IV.*, § 7, ¶ 3. But this need not now be considered, since the present case is one of tort, and not contract. In accordance with these views, it must be held that the plaintiff did not acquire a vested right to trial by jury on appeal, simply because the statutes provided for such a trial when his wrong was suffered, and that it was within the authority of the legislature to abolish that mode of remedy and substitute for it trial by the judges alone.

The Court of Common Pleas did right in trying the appeal in the manner pointed out by the statutes in force at the time of trial, and the judgment should be affirmed.