## Staunton.

GENERAL MOTORS ACCEPTANCE CORPORATION v. A. M.
VICARS, GLEN DEAN, COEBURN HOSPITAL COM-
PANY, INC., AND J. B. WOLFE.

September 19, 1929.

The opinion states the case.

*H. J. Kiser, John P. Saul, Jr.* and *R. C. Jackson,* for the appellant.

*J. M. Quillen, Jr.,* and *V. B. Tate,* for the appellees.

WEST, J., delivered the opinion of the court.

This is a chancery suit brought by General Motors Acceptance Corporation against A. M. Vicars, Glen

Dean, Coeburn Hospital Company, Incorporated, and Dr. J. B. Wolfe, to enforce an alleged lien against one frigidaire outfit complete, model No. M-12, serial No. 107276, for the sum of $532.00 with interest and costs. The Coeburn Hospital Company, Incorporated, and Dr. J. B. Wolfe filed their joint answer to the bill. The case was heard by the court upon the bill and answer and testimony taken in open court, and a decree was entered on June 25, 1928, against A. M. Vicars and Glen Dean for the amount claimed, but the bill was dismissed as to Coeburn Hospital Company, Incorporated, and Dr. J. B. Wolfe. From that decree General Motors Acceptance Corporation was allowed an appeal by one of the justices of this court.

The petitioner, General Motors Acceptance Corporation, makes only two assignments of error:

(1) It erred as a matter of fact in holding that the frigidaire in question was delivered and installed prior to the recordation of the conditional sales contract executed by A. M. Vicars for said machine and recorded on April 28, 1928;

(2) Even if the frigidaire was delivered by Dean and installed in the Coeburn Hospital prior to the recordation of the conditional sales contract, the court erred in deciding and decreeing that the right and title of the hospital to said frigidaire is superior to the rights of plaintiff.

From the evidence and proper inferences to be drawn therefrom, the following facts appear:

From the evidence for the complainant: H. C. Baker Company is a corporation located in the city of Roanoke, Va., engaged in distributing frigidaires. This company has dealers, some of whom carry frigidaires in stock and others only take orders for them. Glen Dean was a dealer in frigidaires in Wise county,

Virginia, under H. C. Baker Company. On March 19, 1926, Glen Dean gave an order on H. C. Baker Company for a frigidaire outfit complete, to cost $584,00, $52.00 cash on or before delivery, the balance in four equal instalments of $133.00 each, beginning three months from date of contract. The frigidaire was shipped by H. C. Baker Company on March 24, 1926, by a bill of lading which gave H. C. Baker Company as shipper and consignee, "Notify Glen Dean for A. M. Vicars." The bill of lading was sent attached to a sight draft. On April 23, 1926, Vicars executed and delivered to Glen Dean a conditional sales contract for this frigidaire. The contract was signed by Dean, dealer, and Vicars, purchaser. Dean took the contract to the National Bank of Wise on April 24, 1926, where on that day he borrowed money to pay the draft. On April 28, 1926, the conditional sales contract was recorded in the clerk's office at Wise courthouse, and a copy thereof was forwarded by the First National Bank of Wise to H. C. Baker Company, at Roanoke, Virginia, for discount and payment. H. C. Baker Company endorsed the contract and forwarded it to General Motors Acceptance Corporation.

From the evidence for the defendant: On the 19th of March, 1926, Coeburn Hospital and Dr. J. B. Wolfe, acting through Wolfe, unconditionally purchased from Glen Dean, dealer, the same frigidaire outfit, being model No. M-12, serial No. 107276, at the price of $500.00 and paid the purchase price therefor in full to Glen Dean on that day, $15.00 being paid in cash and $485.00, the residue thereof, being paid by a note of Vicars for $485.00. On or about the 14th day of April, 1926, several days prior to April 28, 1926, the day the conditional sales contract was recorded, the frigidaire was delivered to and installed in the Coeburn Hospital.

■ The case was heard by the court upon the pleadings and testimony taken in open court. The testimony in some respects was conflicting. The judge of the court saw and heard the witnesses testify, and his conclusions are usually "accorded the force of a verdict of a jury." *Newton* v. *White*, 115 Va. 845, 80 S. E. 561.

■ The conflicts in the evidence were for the court and there is ample evidence to support its holding that the frigidaire in controversy was delivered and installed in the Coeburn Hospital prior to the recordation of the conditional sales contract executed by A. M. Vicars for the frigidaire and recorded on April 28, 1926.

The first assignment of error is without merit.

■ Under the second assignment of error it is contended that even if the frigidaire was delivered by Dean and installed in the Coeburn Hospital prior to the recordation of the conditional sales contract, the court erred in decreeing that the right and title of the hospital to the frigidaire is paramount to the right of the plaintiff. With this contention we cannot concur.

■ There can be no doubt that the Coeburn Hospital and J. B. Wolfe are innocent purchasers for value and without notice of the frigidaire sold them by Glen Dean. They purchased the machine on the 19th day of March, 1926, giving in full settlement for the same their check for $15.00 and the note of A. M. Vicars for $485.00. The machine was delivered to the hospital on or before April 21, 1926, at which time A. M. Vicars had not entered into the contract of April 23, 1926, which contract was not recorded until April 28, 1926.

■ When Dean made the hospital an unconditional offer to sell the machine and the hospital accepted the offer unconditionally, and the machine was delivered

on or before April 21, 1926, before the contract of April 23, 1926, was executed, the title passed to the hospital and is good against those claiming under the contract of April 23, 1926.

The contract of April 23, 1926, was an effort on the part of Glen Dean to sell and A. M. Vicars to purchase the frigidaire which had already been sold and delivered to the Coeburn Hospital.

In speaking of *bona fide* purchasers for value and without notice, Mr. Pomeroy, in Vol. 2, at section 767, of his work on Equity Jurisprudence, says: "Where the defendant acquired the legal estate at the time and as a part of his original purchase, the fact of his purchase having been *bona fide* for value and without notice is a perfect defense in equity to any suit brought by the holder of a prior equitable estate, lien, encumbrance, or other interest, seeking either to establish and enforce his equitable estate, lien, or interest, or to obtain any other relief with respect thereto which can be given by a court of equity."

It is clear that the sale to the hospital was in good faith, while the attempted sale of the same property to A. M. Vicars, the title to which had already passed to the hospital, was a fradulent transaction of Glen Dean, and the General Motors Acceptance Corporation is now endeavoring to profit thereby.

Glen Dean, as dealer for H. C. Baker Company, made sale of the frigidaire to the hospital. He also made the pretended sale to A. M. Vicars. While A. M. Vicars did not speak to Wolfe or any one else connected with the hospital about the frigidaire or sale thereof, he did allow "his son-in-law, Dean, to buy one of his notes and use his name in the conditional sales contract under the date of the 23rd day of April, 1926, and thereby enable Dean to obtain credit."

H. C. Baker Company allowed Dean to appear as having full power of disposition over the property and innocent third parties dealt with him accordingly. General Motors Acceptance Corporation is responsible for Glen Dean's acts.

It was said in *McNeil* v. *National Bank*, 46 N. Y. 322, 329, 7 Am. Rep. 341, that "where the true owner holds out another, or allows him to appear as the owner thereof, or as having full power of disposition over the property, and innocent third parties are thus lead into dealing with such apparent owners, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of title or power."

The decree complained of is presumed to be correct, and the burden is upon the plaintiff in error to show that it contains prejudicial error. This burden it has failed to carry.

For the reasons stated, the decree will be affirmed.

*Affirmed.*