Allen, J.
The act of 1869 (Laws of 1869, chap. 631) declares that any person committing the offence of which the plaintiff in error was charged shall, upon conviction, be deemed guilty of manslaughter in the second degree; and the statutory punishment for that offence is imprisonment in a State prison not less than four and not more than seven years. (2 B. S., 662, § 20.) The act of 1872 (Laws of 1872, chap.. 181) declares that any person that shall thereafter commit the same offence shall, upon conviction, be deemed guilty of a felony, and punished by imprisonment in a State prison for a term not less than four years or more than twenty years, and repeals all acts and parts of acts inconsistent with it. The act of 1869 is not repealed in terms or by express reference, and it is not repealed by implication, unless the two statutes are manifestly repugnant and inconsistent, or the later statute covers the whole subject-matter and was intended as a substitute for the former. The law of 1869 ceased to be operative upon offences committed after the 6th of April, 1872, the time at which the later act became a law. The two acts making different and incompatible provisions in respect to the same subject they *616 could not both stand, and the earlier act was abrogated as to all future offences. (Norris v. Crocker, 13 How. [U. S.] R., 429.) But the act of 1872 did not deal with past offences or affect to do so; and as to them there was and could be no inconsistency or repugnancy between the two acts, but each could have full effect—the one as to offences prior to the 6th of April, 1872, and the other to offences thereafter committed. The general rule is that laws, whether civil or criminal, are prospective, and not retroactive in their operation and effect. (Dash v. Van Kleek, 7 J. R., 477.) Laws relating to crimes and their punishment cannot be made to retroact; and if the attempt is made by law to punish an act, already committed, which was not a crime when committed, or to subject an offence already committed to a new or additional punishment, the law will be void, as ex post faeto. (Hartung v. People, 22 N. Y., 95.) If the act of 1872 had been general in its terms, and, in the language of Judge Catbon, in Norris v. Crocker (supra), “ covered the whole subject-matter of the former statute,” and had not, in terms, been restricted to offences thereafter committed, it might have operated as a repeal, by implication, of the old law. But a repeal of a statute by implication is not favored, and is only allowed when the inconsistency and repugnaney of the two acts are plain and unavoidable. (Bowen v. Lease, 5 Hill, 221; McCartee v. Orphan Asylum, 9 Cow. R., 437.) In case of such repugnancy, the later act stands as the last expression of the legislative will. The legislature, in the enactment of the law of 1872, were unusually cautious, and have so framed the first section of the act, which alone is in apparent conflict with the act under which the plaintiff in error was convicted, that the intent not to interfere with any previous statute, so far as past offences were concerned, and only to provide for future cases, is very apparent. In this, as in other matters, the intent of the legislature must prevail, and a statute will not be deemed to have been repealed by a later statute, if the two are not clearly repugnant, unless the intent to repeal is clearly indicated. (Smith v. People, 47 N. Y., *617 330.) A subsequent act of Parliament will control the provisions of a prior statute if it were intended to have that operation; but when the intention of the legislature is apparent that the subsequent act shall not so operate, then, even though the words of such statute taken strictly and grammatically would repeal a former act, it will not receive such a construction. (Per Lord Kenyon, Williams v. Pritchard, 4 T.R., 2.)
The first section of the act of 1872, in terms, only declares the offence and prescribes the punishment of those who shall thereafter do the acts therein mentioned. If the same section had expressly declared that persons theretofore guilty of the same acts should be punished as before then provided by law, notwithstanding the passage of this act, the intention of the legislature not to repeal or interfere with the operation of the former statute, as applied to offences before then committed, would be no more apparent than is a like intent from the terms of the act as framed, and within the recognized rule that one statute will only operate as a repeal of a former statute to the extent that the two are repugnant; the act of 1869 is only repealed and made inoperative as to offences committed after the enactment of the subsequent law.
The rule is well stated by Judge McLean in Daviess v. Fairbairn (3 How. [U. S.] R., 636), that when both statutes are affirmative such parts of a prior statute as may be incorporated into the subsequent one, as consistent with it, must be considered in force. There is nothing incongruous in distinct statutory enactments providing for different punishment for the same offence, when committed at different periods of time. A statute is never to be construed against the plain and obvious dictates of reason. Public attention had been called to the particular crime denounced by the acts under consideration, and the necessity of some changes in the existing law; and it cannot be presumed that the legislature was ignorant or unmindful of the danger of meddling with existing laws for the punishment of *618 crime, by any legislation which might prevent the punishment of offences already committed. Hartung v. People (22 N. Y., 95) was still fresh in the recollection of'legislators, in which it was held that by a change in the law defining the crime and providing for the punishment of murder-effected by an amendment of the prior law instead of, as in this case, by a new statute applicable only to future offences—the prior law had been abrogated, and persons although convicted under it could not be punished. The plaintiff in error had been convicted of the crime of murder, and the conviction aifirmed on error in the Supreme Court prior to the enactment of the amendatory statute, and this court, on error brought, determined all the exceptions against the prisoner, but held that the judgment was erroneous, because at the time the decision was pronounced in this court there was not any law which authorized or sustained it, or warranted its execution. The legislature, in the statute under consideration, carefully avoided the blunder then made, and the legislation in the two cases is clearly distinguishable as indicating opposite intentions of the legislature. The act of 1872 is only intended as a substitute for the act of 1869 in respect to offences com. mitted after it became a law, and only operates as a repeal of the prior act to the extent that it is a substitute for it.
We are of opinion that the learned court below were in error in supposing that the statute of 1869 was saved, or the punishment decreed by it continued by force of the act of December 10, 1828, entitled “ An act to repeal certain acts and parts of acts.” That act repealed certain acts and parts of acts by distinct reference to them, the repeal to become operative at the time the Devised Statutes upon the same subjects were, by another law passed on the same day, to take effect; and the subsequent sections of the act related solely to the acts so repealed and the effect of the Devised Sta-0 tutes then adopted upon the penalties, punishments and proceedings under the repealed statutes, and had no respect to subsequent legislation. The legislature could not declare in *619 advance the intent of subsequent legislatures or the effect of subsequent legislation upon existing statutes.
But the statute of 1869 and the penalties prescribed for past offences were saved by the clearly expressed intent of the legislature not to repeal or abrogate them by the change of the law in 1872, and the judgment must be affirmed.
All concur.
Judgment affirmed.