In the Matter of the Application of EDWARD COOPER, Mayor, etc., et al., to Acquire Title to Lands for a Public Market.

A statutory or constitutional provision for the benefit of a party may be waived by him, and having once waived it, he is estopped from thereafter claiming the benefit.

Proceedings were instituted under the act of 1880 (Chap. 191, Laws of 1880) to acquire title to lands for a public market in the city of New York. C., the owner of lands sought to be acquired, joined in the proceedings, by petition asking for the appointment of a person named as one of the commissioners of estimate and assessment, who was appointed. The commissioners duly executed their office, appraising among other lands that of C., who thereupon moved to set aside the order appointing the commissioners, because of the alleged unconstitutionality of said act, and of non-compliance by the moving party with certain statutory conditions. *Held*, that C. was estopped from raising these questions.

The petition of C. did not appear in the record, but no opposition on his part was disclosed thereby. A certified copy of the petition was presented on the argument. *Held*, that it might properly be considered to sustain the decision below.

(Argued October 2, 1883 ; decided October 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 20, 1882, which affirmed an order of Special Term, denying a motion on the part of William Collins to vacate an order appointing commissioners of estimate and assessment herein. (Reported below, 28 Hun, 515.)

The nature of the proceedings and the material facts are stated in the opinion.

*James A. Deering* for appellant. The clause in chapter 191, Laws of 1880, permitting the taking of private property for public use is a positive prohibition against the taking of property for private use, or for any use other than a public use. (*Matter of Albany St.*, 11 Wend. 151; *Taylor* v. *Porter*, 4 Hill, 140; *Embury* v. *Conner*, 3 N. Y. 511.) The question of what is a public use is a judicial one, to be determined by the courts. (*Matter of Deanville Cemetery Ass'n*, 66 N. Y. 569; *Matter of Townsend*, 39 id. 174.) The use to which property acquired under the act of 1880, in question, is to be put is not a public use within the Constitution. (*Owners* v. *Mayor, etc.*, 15 Wend. 377; *Caldwell* v. *Alton*, 33 Ill. 416; *Memphis Freight Co.* v. *Memphis*, 4 Cold. 425; *Hay* v. *Cohoes Co.*, 3 Barb. 47; *West River Bridge Co.* v. *Dix*, 6 How. 345; *Weisner* v. *Vil. of Douglas*, 64 N. Y. 91; *Matter of Deanville Cemetery Ass'n*, 66 id. 569; 58 Me. 590; Sedgwick on Constitutional Law, 450; *Detroit Park Cases*, 28 Mich. 228; *S. C.*, 15 Am. Rep. 202; *People* v. *Batchelor*, 53 N. Y. 128.) This act is in conflict with section 6 of article 1 of the Constitution, because it does not provide for " just compensation " for the land to be taken. (Dongan Charter, §§ 3, 6, 12, 14; Montgomery Charter, §§ 36, 37; *Thurman* v. *New York*, 5 Sandf. 16; 10 N. Y. 567.) The city of New York or any municipal corporation cannot be deprived of its fee-simple in property without due process of law and compensation. (*Ferrett* v. *Taylor*, 9 Cranch, 52; 2 Kent's Com. 275; *Dartmouth College Case*, 4 Wheat. 694; Cooley on Const. Lim. 238; *People* v. *Hurlburt*, 24 Mich. 44; *People* v. *Detroit*, 28 id. 228; *Grogan* v. *San Francisco*, 18 Cal. 590; *Montpelier* v. *East Montpelier*, 29 Vt. 12; *Savings F. Ass'n* v. *Philadelphia*, 31 Penn. St. 175; Dillon on Mun. Corp., § 66.) There is a well-established distinction between property held by a municipal corporation for income or profit, and property acquired or dedicated to public uses, such as public streets and the like. The first may be aliened by the corporation and, unless otherwise provided by statute, sold in execution; the latter cannot be. (Dillon on Mun. Corp., § 575;

*Bailey* v. *Mayor*, 3 Hill, 531 ; *People* v. *Batchelor*, 53 N. Y. 128, 141 ; *Weisner* v. *Douglas*, 64 id. 91 ; *Barnes* v. *Dist. of Columbia*, 91 U. S. 540.) The statutory requirement that the officers named must attempt to "mutually agree" upon a price, makes a disability to agree a prerequisite to the proceedings *in invitum* to acquire title, and the burden of proving such inability to agree is upon the officers named. (*Dykman* v. *Mayor*, 1 Seld. 439 ; *Gilbert* v. *Col. Turnpike*, 3 Johns. Ch. 107 ; *N. Y. & B. R. R.* v. *Goodwin*, 12 Abb. Pr. [N. S.] 21 ; *In re N. Y. & B. R. R. Co.*, 62 Barb. 85 ; *Matter of B. H. & R. Co.*, 79 N. Y. 71 ; *In re Marsh*, 71 id. 319.) The petitioners cannot be compelled now to act, for no duty now rests upon them. (Dillon on Mun. Corp., §§ 885, 887.) A motion to set aside proceedings under an unconstitutional law can be made at any time, even after the confirmation of the report of the commissioners of estimate and assessment. (*Matter of Opening One Hundred and Thirty-eighth Street*, 61 How. Pr. 284 ; *Matter of City of Buffalo*, 78 N. Y. 362 ; *Kamp* v. *Kamp*, 59 id. 212 ; *Savage* v. *Olmstead*, 2 Redf. 478 ; *Roderigas* v. *East River Sav'gs Inst.*, 11 J. & S. 217.) *Laches* cannot confer jurisdiction, nor is want of jurisdiction waived by appearance and answer, nor will consent confer jurisdiction. (*Callaghan* v. *Mayor*, 66 N. Y. 656 ; Cooley's Const. Lim. 397.)

*D. J. Dean* for respondent. The appellant not having appealed from the order appointing commissioners, he is bound by it, and cannot re-open the proceeding in the manner now sought. So far as he is concerned upon the question now raised by him, he is estopped by his own acts. (*Embury* v. *Connor*, 3 N. Y. 511 ; *Baker* v. *Braham*, 6 Hill, 47 ; *People*. v. *B'klyn F. & C. I. R. Co.*, 89 N. Y. 93 ; *Wellington, Petitioner*, 16 Pick. 96.) The use for which the land described in the act of 1880 (Chap. 191) is set apart is a public use. (Dongan's Charter, §§ 1, 2, pp. 4, 5, vol. 1, Special Laws affecting the city of New York ; Montgomerie's Charter, § 17, p. 36 ; Laws of 1832, chap. 584, p. 58 ; Laws of 1873, chap.

335, p. 108 ; *People, ex rel. Flagg*, v. *Fowler, etc.*, 7 Abb. Pr. 176 ; *St. John* v. *Mayor, etc.*, 6 Duer, 315 ; *Ketchum* v. *City of Buffalo*, 14 N. Y. 356 ; *Peterson* v. *Mayor*, 17 id. 452 ; Kent's Charters, p. 100, § 17 ; id., p. 239.) The propriety of taking private property for public use is not a judicial question, but one of political sovereignty, to be determined by the legislature either directly or by delegating the power to public agents, proceeding in such manner and form as it may prescribe. (*People* v. *Smith*, 21 N. Y. 595 ; *Ex parte Townsend*, 39 id. 171 ; *Dean Street*, 53 id. .60 ; *Harris* v. *Thompson*, 9 Barb. 350 ; *Bloomfield & R. N. Gas-light Co.*, v. *Richardson*, 63 id. 437.) The legislature is the exclusive judge of the degree of necessity which exists for the exercise of the right of eminent domain. (*Hartwell* v. *Armstrong*, 19 Barb. 166 ; *Bloomfield & R. N. Gas-light Co.* v. *Richardson*, 63 id. 437.) To warrant the exercise of this right it is not requisite that the use and benefit to be derived shall be universal, nor, in the largest sense, even general ; though confined to a particular district, it may still be public. (*Harding* v. *Goodlett*, 3 Yerg. 41.) The restriction as to the use of the proposed public market by farmers and market gardeners, is in the nature of a police regulation merely, and does not grant to any particular class of individuals such a right as could be said to interfere with the public use of the same. (Mills on Eminent Domain, p. 15, § 12 ; *Talbot* v. *Hudson*, 16 Gray, 417 ; *O'Reiley* v. *Draining Co.*, 32 Ind. 169 ; *Aldridge* v. *Tuscumbia R. R.*, 2 S. & P. 199 ; *Village of Buffalo* v. *Webster*, 10 Wend. 99 ; *Bush* v. *Seabury*, 8 Johns. 418.)

DANFORTH, J. The proceedings in question were taken under an act for the establishment of a public market in the city of New York and the acquisition of land for this purpose by purchase, or failing in that, by commissioners of estimate and assessment, to be appointed by the Supreme Court. (Laws of 1880, chap. 191.) A petition setting forth among other things an inability to agree with the owners of the desired property

upon the price to be paid for it, and asking for the appointment of commissioners of estimate and assessment for the purpose prescribed by the act, was presented to the court by the respondent after service of a copy thereof upon Collins, one of the persons whose property was affected. The record does not disclose any opposition by him, and moreover upon the argument before us it was stated by the respondent's counsel, that he not only did not oppose the application, but joined in it by petition in writing and under oath, praying that Benjamin P. Fairchild be appointed " as one of the commissioners." This was not denied by the appellant's counsel, and we find the same fact adverted to in the opinion of the Supreme Court. We have also been furnished with a certified copy of his petition. It may properly be considered. ( *Wines* v. *Mayor, etc.,* 70 N. Y. 613.) The appeal book shows that in pursuance of this application and notice, Fairchild was appointed as one of the commissioners and an order to that effect made December 13, 1880. The commissioners duly executed their office, and among other lands, appraised that of the appellant. He was dissatisfied with the appraisal and thereafter moved the Supreme Court to set aside the order of December 13, above referred to, and all proceedings subsequent thereto, upon the grounds, *first,* that the act of 1880 is unconstitutional because (1) the use for which the land is set apart is not a public use ; (2) it does not provide for its acquisition by due process of law or for just compensation to its owners; (3) it is a local bill and grants to certain classes of persons named therein exclusive privileges. *Second,* that an attempt was not made to acquire his land by purchase. *Third,* that persons in whose names the proceedings are instituted do not bear certain specified relations to the city or some of its districts. His motion being denied, the same grounds are relied upon on this appeal.

It is obvious that these objections existed, if at all, at the outset of the proceedings, and when Collins as a property-owner was before the court they might have been presented in opposition to the application and motion which resulted in the order of December 13. If they had any merit and he

intended to rely upon them, it was his clear right and duty to bring them forward at the first opportunity. But he was not bound to mention them at all. The second and third merely indicate a non-compliance by the moving party with certain statutory conditions (act of 1880, *supra*, §§ 1 and 2), and the first to constitutional defects in the statute. The provisions supposed to have been omitted were for the benefit of the property-owner. It is not necessary to consider the validity of the objections, for we agree with the learned counsel for the respondent that the conduct of the appellant at the former stage of the proceedings, and to which we have adverted, estops him from now entering upon the inquiry.

It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, and that having once done so he cannot afterward ask for its protection. (*Lee* v. *Tillotson*, 24 Wend. 337; *Embury* v. *Conner*, 3 N. Y. 511; Cooley's Const. Lim. 181.) The appellant is in this position. He participated as an actor in procuring the order which he now seeks to set aside, and took his chance for a satisfactory valuation of his property for the purpose contemplated by the act. To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter and consent to the order. By this consent he must be deemed to have made his election and should be held to it.

The appeal should, therefore, be dismissed.

All concur.

Appeal dismissed.