KEIFER v. GRAND TRUNK RY. CO. OF CANADA.

*(Supreme Court, General Term, Fifth Department.  April, 1891.)*

OPENING OF DEFAULT—APPEAL—WAIVER OF CONDITIONS.

Where an order opening plaintiff's default, on condition that he pay certain costs, is appealed from by defendant, after refusing to accept plaintiff's tender, which order is affirmed on appeal, defendant thereby waives the right to demand on affirmance of the order that plaintiff pay such costs before prosecuting the suit.

Appeal from special term, Erie county.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. W. Russell*, for appellant.  *George F. Brownell*, for respondent.

CORLETT, J. This action was commenced in January, 1884, by the plaintiff to recover damages for causing the death of her intestate. Issue was joined, and in November, 1887, the complaint was dismissed, the plaintiff failing to appear when the case was called upon the circuit calendar. Various delays afterwards occurred. Finally there was a change of attorneys on the part of the plaintiff, and a motion was made in May, 1889, at special term, to open the default, which was granted upon payment of costs included in the judgment based upon the dismissal, and $10 for opposing the motion. These costs were to be paid within 20 days. Before the time expired, the plaintiff's attorney tendered the costs to the defendant. It refused to accept them, manifestly for the reason that by so doing it would waive the right to appeal from the order, which it had determined on. An appeal was taken to this court, where the order was affirmed, (8 N. Y. Supp. 230;) then to the court of appeals, where the appeal was dismissed, (24 N. E. Rep. 1101.) Thereafter application was made at special term by the defendant for the following relief: For an order "requiring her to pay to the defendant or its attorneys the sums required to be paid by the plaintiff as costs by said order, (order opening default,) and offsetting against the amount of such costs the costs awarded to the plaintiff upon the appeal from said order, and staying all proceedings herein on the part of the plaintiff until payment by the plaintiff of all such costs, and for such other and further relief as may be just in the premises." This was heard and denied. No appeal was taken from the order entered upon this decision. Then the order from which this appeal was taken was made at another special term, held by another justice, upon the same facts, except that on the second motion it appeared that the defendant had paid the costs of the appeals. After the affirmance by this court of the order opening

the default, the plaintiff moved for an open commission to examine witnesses, which was opposed solely upon the merits. That application was granted, and the commission issued. The order now appealed from is based upon the assumption that the tender by the plaintiff within the time fixed by the order opening the default, and the refusal by the defendant, including the appeals and the other acts above referred to, in no way changed the position of the parties, or prevented this order vacating the one opening the default, unless the costs were paid as directed in the order appealed from. It was always competent for a party to waive a condition or a provision made in his favor or for his benefit, even though the provision is statutory or constitutional, and when once waived it is conclusive. *In re Cooper*, 93 N. Y. 507–512. All the cases are to the same effect. *Woolner* v. *Hill*, Id. 576; *Staats* v. *Garrett*, 21 Wkly. Dig. 39, affirmed 98 N. Y. 630; *In re New York, L. & W. R. Co.*, Id. 453; *Titus* v. *Insurance Co.*, 81 N. Y 410; *Bank* v. *Kidder*, 50 N. Y. Super. Ct. 246. An election or waiver once made cannot be recalled or revoked. *Fowler* v. *Bank*, 23 Abb. N. C. 133, note, pp. 145–172, 21 N. E. Rep. 172. In the case at bar the plaintiff, by the order opening the default, was compelled to pay the money imposed as a condition, within 20 days. This payment was for the benefit of the defendant. The plaintiff offered to pay; the defendant refused to accept, electing to pursue a different remedy, which it did. When defeated in the remedy chosen, it seeks to restore itself to the position it occupied before it waived payment. This it cannot do. The order appealed from is based on the assumption that, when the defendant was defeated in the remedy it elected to take, it could obtain the full benefits of the original order. The affirmance by this court was decisive; there being no power granted by the order of affirmance to move at special term for leave to set aside the order opening the default. The acceptance of the money and an appeal from the order would have been entirely inconsistent, and would have been in no sense concurrent. *Vail* v. *Remsen*, 7 Paige, 206; *In re Raber*, 4 N. Y. St. Rep. 845; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Canary* v. *Knowles*, 41 Hun, 542; *Knapp* v. *Brown*, 45 N. Y. 207; *Alexander* v. *Alexander*, 104 N. Y. 643, 10 N. E. Rep. 37. It is self-evident that a stay of all proceedings on the part of the plaintiff until payment of the money cannot be granted after what has occurred, and it is entirely clear that the special term cannot set aside the order opening the default, in case of non-payment, after such appeals. If the plaintiff can now collect the money, it must be by execution in the ordinary way, under section 779 of the Code of Civil Procedure. It follows that the order appealed from must be reversed. All concur.