*In re* LEXINGTON AVE.

*In re* NEW YORK EL. RY. CO.

*(Supreme Court, General Term, First Department.*    February 18, 1892.)

1. OPENING STREETS—COMMISSIONERS OF ASSESSMENTS—WAIVER OF OBJECTIONS.
   Objections to the appointment of commissioners of estimate and assessment in proceedings for street opening are waived by appearance in the proceedings, by filing objections to the commissioners' report of estimate and assessment, and after introducing testimony, etc., without interposing an objection of any kind.

2. SAME—OATH OF COMMISSIONERS.
   An oath of commissioners of estimate and apportionment to faithfully perform the trusts and duties required of them by the act entitled "An act to reduce several laws relating particularly to the city of New York into one act, passed April 9, 1813," and the several laws amendatory thereof, or relating to the opening of streets, etc., of the city of New York, is a substantial compliance with the New York City Consolidation Act, § 968, requiring such commissioners to take an oath "faithfully to perform the trust and duties required of them by this title."

3. SAME—OBJECTIONS TO REPORT—NOTICE.
   The New York City Consolidation Act, § 986, requiring commissioners of estimate and assessment in street-opening proceedings to give 10 days' notice of time and place where persons considering themselves aggrieved may be heard in opposition to their report, is complied with where a longer notice is given than that required.

Appeal from special term, New York county.

Proceedings for the opening of Lexington avenue. The New York Elevated Railway Company appeals from an order denying a motion to vacate and set aside the report of commissioners of estimate and assessment and the proceedings for opening. Affirmed. For former report, see 15 N. Y. Supp. 865. See, also, 7 N. Y. Supp. 947, *mem.;* 10 N. Y. Supp. 423; 16 N. Y. Supp. 113.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*James A. Deering,* for appellant.    *William H. Clark, (Carroll Berry,* of counsel,) for corporation.

VAN BRUNT, P. J. It is claimed upon the part of the appellant that the proceedings to open Lexington avenue are irregular and void, because they have not been in accordance with the statute; and that, therefore, the appellant's property has been taken without due process of law, and the motion to set aside the same should have been granted. Various points are urged in support of this proposition, by which it is claimed that no jurisdiction whatever was acquired, because of defects in the preliminary steps by which these proceedings were initiated. All these points, except such as will be hereafter noticed, existed at the time of the appointment of the commissioners, and no objection was made at the time of the appointment, but such appointment was acquiesced in, and it was only after the appellant had learned what the judgment of the commissioners would be, and the commissioners had made their report, and a motion to confirm the same was pending, that it sought to avail itself of the alleged defects in the preliminary steps by a motion to vacate and set the same aside. There seems, however, to have been, in January, 1889, a motion made by the appellant herein to vacate and set aside the order appointing the commissioners of estimate and assessment, and

it is said that this motion was denied; but, as no order is contained in the record, so far as we have been able to find, it cannot be considered in determining the questions raised upon this appeal. We think that it is well settled that the right of the appellant to present these objections was waived by its appearance in the proceedings, by filing objections to the commissioners' report of estimate and assessment, and afterwards introducing testimony, etc., without interposing an objection of any kind. This seems to have been held in *Re Cooper*, 93 N. Y. 507, in which it is stated as the rule that it is well settled that a party may waive a statutory and even a constitutional provision made for his benefit; and, having once done so, he cannot ask for its protection. In that case the court says: "The appellant is in this position: He participated as an actor in procuring the order which he now seeks to set aside, and took his chance for a satisfactory valuation of his property for the purposes contemplated by the act. To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter, and consent to the order. By this consent he must be deemed to have made his election, and should be held to it." It is true that in that case it was found as a fact that the appellant not only did not oppose the application, but joined in it by petition in writing under oath, and asking for the appointment of a particular person as one of the commissioners. But that in no way affects the principle as laid down by the court,—that by acquiescence, going on with the proceedings, and taking his chances of a satisfactory valuation of the property, a party waives the objection which he might have made and should have made at the time of the appointment of the commissioners.

It is urged upon the part of the appellant that the errors in the proceedings were never waived by it, and we are referred, among other cases, to *In re Buffalo*, 78 N. Y. 362, in which the fact that a waiver may become operative and may be enforced by the court is expressly recognized; but in that case it is only decided that such a waiver was not operative, because there were other parties interested, who were not affected by it. In *Re Department of Public Parks*, 85 N. Y. 459, nothing was said which was antagonistic to what is laid down in *Re Cooper, supra*. The claim that the commissioners were not disinterested or impartial persons cannot be sustained for the same reason. The appellant knew of the disqualifications, if they existed, (which we do not admit,) and then went on, and took its chances of the result, and, when it was disappointed because of the result of their deliberations, made this objection. The rule in respect to waiver of objections seems to be even stronger under those circumstances than under those which exist in respect to the defects first above referred to. The claim that the commissioners did not qualify by taking the oath required by section 968 of the consolidation act cannot be sustained. It is true that the oath was not taken in the precise language of the section, but the substance of the oath was embraced in that which the commissioners did take. The objection that the commissioners did not give notice of a hearing to the appellant and other parties aggrieved, as required by section 986, is not well taken, in that it appears from the record that a longer publication was made by the commissioners than any section of the consolidation act required. It is true that the phraseology of the notice to be given by section 986 is somewhat different from that referred to in section 984, but, upon considering the powers of the commissioners, it will be seen that only those persons who filed objections specifying their grievances have any standing before them. We think, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.