ETHAN AKIN, Respondent, *v.* THE WATER COMMISSIONERS OF AMSTERDAM, Appellants.

*Eminent domain — commissioners appointed under chapter* 101 *of* 1881, *as amended by chapter* 197 *of* 1882 *and the acts amendatory thereof — waiver by a corporation of its constitutional and statutory rights — award, when not disturbed by the General Term.*

A corporation by going into court and consenting to the appointment of commissioners under chapter 101 of the Laws of 1881, as amended by chapter 197 of the Laws of 1882 and the acts amendatory thereof, to determine the damages alleged to have been sustained by a landowner by reason of the taking by such corporation of certain real estate, tenements, property rights and interest, thereby estops itself from thereafter raising any question as to the power and authority of the court to make such appointment; and by thereafter going before the commission and participating in its proceedings without objection,

and taking the chances of a favorable result, it waives the right (if disappointed in its expectations) to raise the question of lack of authority or of irregularity in the proceedings.

A corporation has the right and the power to waive its constitutional and statutory rights, and having once done so it cannot subsequently claim them.

While the General Term of the Supreme Court is not necessarily governed by the fact that the commissioners appointed under chapter 101 of the Laws of 1881, as amended by chapter 197 of the Laws of 1882 and the acts amendatory thereof, have made a personal inspection of the premises alleged to have been injured, yet that fact, if the damages awarded by them are not grossly excessive, calls for an affirmance of their decision and that of the Special Term which confirmed their award.

Appeal by the defendants, The Water Commissioners of Amsterdam, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Montgomery on the 2d·day of July, 1894, denying the defendants' motion to vacate and set aside the award of the commissioners of appraisal, and also from an order entered in said clerk's office on the same day confirming their report and award, with notice of an intention to bring up for review upon such appeal the order appointing commissioners of appraisal, the order denying the defendants' motion to vacate the award and the exceptions filed to the award.

This proceeding was taken by the petitioner, Ethan Akin, under the provisions of chapter 101 of the Laws of 1881 and chapter 197 of the Laws of 1882, and the acts amendatory thereof, with a view of obtaining compensation and an award for the title to and right to use certain real estate, tenements, property rights and interest, alleged to have been taken by the board of water commissioners of the city of Amsterdam, and to obtain the appointment of commissioners of assessment to determine the damages sustained by the petitioner and by all persons interested in the lands named in the petition by reason of the taking thereof.

*C. S. Nisbet,* for the appellants.

*Z. S. Westbrook,* for the respondent.

Herrick, J. :

The commissioners to appraise the claimant's damages were appointed without objection; the defendants appearing by counsel consented to an adjournment of the said motion for the purpose of

agreeing upon the commissioners, and upon such adjourned day counsel for defendants again appeared, and the commissioners were appointed without objection on the part of the defendants, the personnel of the commissioners having been apparently agreed upon.

The defendants by their counsel appeared before the commissioners upon the assessment of damages, participated in the hearing, cross-examined the claimant's witnesses, produced witnesses of their own, and at no time raised any objection to the authority of the commission to make the assessment of damages.

After the commission made its award the defendants for the first time, so far as the record shows, raised objections to the authority of the court to appoint such commissioners, and the authority of the commissioners to appraise claimant's damages, by making a motion before the court for an order to set aside and vacate the order theretofore made appointing such commissioners to appraise and assess the claimant's damages.

I think the objection comes too late; the question of jurisdiction should have been raised in the first instance.

By going into court and consenting to the appointment of commissioners, it seems to me that the defendants thereby foreclosed themselves from thereafter raising any question as to the power and authority of the court to make such appointment, and by thereafter going before the commission and participating in its proceedings without objection, and taking the chances of a favorable result, they should not be permitted, upon being disappointed in their expectations, to raise the question of lack of authority or of any irregularity in the proceedings. (*Cowenhoven* v. *Ball*, 118 N. Y. 231; *Russell* v. *Randall*, 123 id. 436.)

If the defendants had any right to have the question of the claimant's damages determined by a common-law jury in an action at law, they waived that right by their participation in the proceedings in the manner I have stated.

They had the right and the power to waive their constitutional and statutory rights, if any, and, having once done so, they cannot subsequently claim them. (*Matter of Cooper*, 93 N. Y. 507; *Russell* v. *Randall*, 123 id. 436; *Sentenis et al.* v. *Ladew et al.*, 140 id. 463; *Mayor* v. *M. R. Co.*, 143 id. 1.)

The order appealed from denying the motion to set aside and vacate the order appointing commissioners should, therefore, be affirmed.

Upon the question of damages there was a conflict of testimony before the commissioners, and while the preponderance of evidence appearing upon the record is rather in favor of the defendants, yet the commissioners viewed the premises alleged to have been injured, and are, therefore, much better able to determine what estimate of the damages was the nearest to being fair and just than the court can possibly be, and while this court is not necessarily governed by the fact that the commissioners have made a personal inspection of the premises alleged to have been injured, yet that fact, together with the other one, that the damages awarded do not appear to be grossly excessive, it seems to me calls for an affirmance of their decision and of that of the Special Term which confirmed their award.

The appeals from both orders have been conducted and argued as one appeal, and only one set of papers having been printed for both appeals, but one bill of costs is allowed. Let both the orders appealed from be affirmed, with costs and disbursements as of one appeal.

MAYHAM, P. J., and PUTNAM, J., concurred.

Orders affirmed, with costs and disbursements as of one appeal.