Judgment reversed and new trial granted, costs to abide the event.

---

FRANK A. FRIEDMAN, Respondent, *v.* JAMES H. BRESLIN, Appellant.

*Waiver by a hotel manager of the statutory protection as to valuables not deposited in his safe — proof as to their value by a comparison with a ring worn by the guest.*

A manager of a hotel has power to waive the benefit of chapter 421 of the Laws of 1855, as amended by chapter 284 of the Laws of 1892, relieving innkeepers who furnish a safe and post the notice required by the statute, from responsibility for the loss of money and jewels owned by guests and not deposited in the safe.

In an action against the proprietor of a hotel by the assignee of a guest to recover the value of jewels stolen from her room, after she had been assured by the manager that they would be safe therein, it is competent for the plaintiff to call attention to a ring worn by the guest, his assignor, for the purpose of comparison with some of the stolen jewels and as a foundation for the opinion of an expert as to their probable value.

APPEAL by the defendant, James H. Breslin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 9th day of November, 1899, upon the verdict of a jury, and also from an order

entered in said clerk's office on the 11th day of October, 1899, denying the defendant's motion for a new trial made upon the minutes.

Chapter 284 of the Laws of 1892, which is referred to in the opinion as amending chapter 227 of the Laws of 1883 and chapter 421 of the Laws of 1855, provides that a proprietor of a hotel or inn who furnishes a safe and posts notices in the manner and form required by the statute, shall not be liable for the loss of money, jewels or ornaments owned by a guest, unless they are deposited in the safe.

*Samuel S. Thomas,* for the appellant.

*Emanuel J. Myers,* for the respondent.

WOODWARD, J. :

A review of this case discloses no sufficient reason for a reversal of the judgment or order appealed from.

Bertha Myers, plaintiff's assignor, about August 1, 1898, applied to the hotel conducted by the defendant for board, and thereafter became a guest at the hotel. She had some jewelry with her, which at various times she deposited in the office safe, until upon a certain occasion, when she was about to leave the hotel for a few hours, at the suggestion of the clerk, the jewelry was left in her trunk in her room, the keys of the room and of the trunk being left in the custody of the clerk, who agreed to look after them, and who assured her that the jewels would be safe. There was some conflict of evidence upon this point, but the jury has decided that the plaintiff's version is true, and there is evidence to support the conclusion. Plaintiff's assignor was absent from the hotel from eight o'clock in the morning until about one o'clock in the afternoon, and on going to her trunk early in the evening the jewels were missing. This action was brought to recover the value of the jewelry, the jury found a verdict for the plaintiff, and from the judgment entered upon this verdict and from an order denying a motion for a new trial, appeal comes to this court.

It is urged by the defendant that the clerk of the hotel had only limited authority ; that he was merely a rooming clerk, who was not authorized to give plaintiff's assignor any assurance as to the safety of her jewels, except as they were deposited in the office

safe; but there was evidence in the case from which the jury might properly find that the clerk was in fact the manager, and this question was submitted to the jury without exception on the part of the defendant, and the verdict is conclusive upon this point.

We are of opinion that the provisions of chapter 421 of the Laws of 1855, as amended by chapter 227 of the Laws of 1883 and by chapter 284 of the Laws of 1892, have no relation to the facts presented by the record on this appeal. That statute was enacted for the protection of proprietors of hotels; but if the rooming clerk was the manager of the hotel and authorized the plaintiff's assignor to leave her jewelry in her room, he must be deemed to have waived any rights which the defendant might have had under the law. It is well established in this State that a party may waive a statutory and even a constitutional provision made for his benefit, and that having once done so he cannot afterward ask for its protection. (*Matter of Cooper*, 93 N. Y. 507, 513, and authorities there cited.)

The learned court at Trial Term refused to hold the defendant to the common-law liability as an insurer, but charged the jury that the defendant was only liable for negligence, which was as favorable to the defendant as the law would permit.

The objection that the evidence of value was improperly proven does not seem to be sustained by the record. We think that, under the rule laid down in *Berney* v. *Dinsmore* (141 Mass. 42), it was competent for the plaintiff to call attention to the ring worn by his assignor for the purpose of comparison with some of the jewels lost, and as a foundation for the opinion of an expert as to the probable value of the diamonds which were alleged to have been stolen. We are also of the opinion that the objection to the question "Have you shown the diamonds in the ring you have on to Mr. Wise, an expert?" did not call the attention of the court to the point now urged, that Mr. Wise had not, at that time, been shown to be an expert. The objection was that the question was "incompetent, irrelevant and immaterial," and as the evidence was clearly competent as a means of comparison, and was not objected to because of its form, the ruling of the court will not be disturbed. The objections having been specified, the ruling must rest upon the objection stated, unless the evidence was in no aspect of the case compe-

tent. (*Tooley* v. *Bacon*, 70 N. Y. 34, 37.) In the case at bar Mr. Wise was afterwards put upon the stand and testified as an expert without objection upon that score, and no right of the defendant was infringed by the form of the question under discussion which would warrant interference on the part of this court.

The judgment and order appealed from should be affirmed.

All concurred.

Judgment and order affirmed, with costs.