### In re CITY OF BUFFALO.

#### Appeal of APPLEBY.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

1. EMINENT DOMAIN—ACQUISITION OF PROPERTY FOR PUBLIC HIGHWAY—PROCEEDINGS BY MUNICIPALITY—OBJECTIONS—WAIVER.

An owner, who appeared pursuant to notice for the appointment of commissioners to ascertain the compensation to be made to the owners of property sought to be acquired by a city for a public highway, but who failed to raise any question as to the regularity of the proceeding, was estopped from raising any such question on appeal from an order confirming the award of the commissioners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 666.]

2. SAME — PROPERTY SUBJECT TO COMPENSATION — OWNERSHIP OF BED OF STREAM.

An owner in fee of the bed of a river is the owner of valuable property, for a change in the course of the river may leave tracts of land free from the overflow, and a city, seeking to acquire the bed for a public highway, must make substantial compensation therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 227.]

Appeal from Special Term, Erie County.

Application by the city of Buffalo to acquire lands under the waters of the Buffalo river for the purposes of a public highway. From an order confirming the report of the commissioners appointed to ascertain the compensation to be paid to the owners for the taking of the land, awarding nominal damages, Charles E. Appleby, as surviving trustee, etc., appeals. Reversed, with directions for the appointment of new commissioners to determine the compensation.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Edmund P. Cottle, for appellant.
Samuel F. Moran, for respondent.

McLENNAN, P. J. This proceeding was commenced, so far as the appellant is concerned, by notice served by the corporation counsel of the city of Buffalo to the effect that on the 3d day of June, 1901, application would be made for the appointment of three commissioners to ascertain the just compensation to be made to the owners of or persons interested in the property sought to be acquired, and pursuant to such notice, on June 5, 1901, commissioners herein were appointed. Previous thereto the board of aldermen of the city of Buffalo had adopted a resolution, as it is claimed pursuant to title 20 of the revised city charter, indicative of its intention to acquire the property in question, and thereafter declared by resolution its intention to take the same under the provisions of the charter. Pursuant to the notice for the appointment of commissioners the appellant appeared, but failed to raise any question as to the regularity of the proceeding, and therefore, we think, is estopped from raising any such objection upon this appeal. Matter of Cooper, 93 N. Y. 507. So that it is considered that the only question presented by this appeal is the adequacy of the award.

We think it cannot be reasonably contended that the ownership of the fee of the bottom of the Buffalo river, as described in the petition and as shown by the map, which is a part thereof, is not, as to the owner, a valuable property. It is hardly useful to speculate as to the uses to which the property might not be put which would not in any manner interfere with the use acquired by the public. A change in the river's course might be effected, which would improve its use as a public highway, and yet leave many acres of land dry and free from the overflow of such river, and which might be of great value to the owner. So, again, many structures might be erected, crossing such river, which would require the consent of the owners of the fee, but which would in no manner affect its use as a navigable stream, if it may be so denominated. The evidence indicates that the course of the river in question from the earliest times has been changing; that portions occupied by such river in the past have since become some of the most valuable property in the city. It seems probable, from the evidence, that such change may take place in the future, and, if so, the owner would have a considerable amount of land belonging to him which would not be subject to overflow, and which he might sell, the same as any other owner of property.

We think the citation of authorities is unnecessary to demonstrate that the appellant was the owner of valuable property, which consisted of the bed of the Buffalo river, which the city of Buffalo by this proceeding has attempted to acquire. By the award of the commissioners the property and rights of the appellant have been determined to be of no value. Indeed, the basis of the order appealed from is that the property of the owner was of no value as to him, and therefore that the other party could acquire the same without paying any compensa-

tion therefor.   We think the determination is abhorrent to justice and to any rule of equity which has been enunciated by the courts in any well-considered case.   If the fee to the bed of the river in question is of no value, why does the city of Buffalo seek to acquire the same? The evidence shows conclusively that such property is valuable.   The exact value may be difficult to determine, but that it is more than nominal is conclusively established.   How appellant's property may be made available, or at present valuable, does not definitely appear; but that it has an intrinsic value cannot, under the evidence, be doubted. By this proceeding, and by the award, it is practically asserted by the city of Buffalo that it wishes to take property from the owner on the theory that it is of no value or use to such owner and to appropriate the same to its own use.   No question of public policy is involved. There is no suggestion in this proceeding that the city could manage or control the fee of the bed of the river in such manner as would better protect the citizens of the city or as would better subserve the general interests of the public.   So far as we are informed, the only purpose of the city is to acquire for nothing a property solely upon the ground that such property is of no value to the owner.

The order appealed from should be reversed, and new commissioners appointed by the Special Term to determine the compensation which should be paid to the owner of the premises in question, with costs to the appellant to abide event.   All concur.