EMERY v TOLEDO (city) et

Ohio Appeals, 6th Dist, Lucas Co

No 2185. Decided Feb 25, 1929

Charles A Thatcher, Toledo, for Emery. George W Ritter, Dir of Law and Dudley F Smith, both of Toledo, for city.

**LLOYD, J.**

Plaintiff herein contends, and contends rightly, because the Supreme Court has so held, that: "Owners of property may judicially inquire whether the specified use is a public use or whether such use will justify or sustain the compulsory taking of private property" and that "no provision is made for the making or trial of such issue" in the probate court, that court being without authority to render a judg-upon such issue, if made". **Sargent vs. Cincinnati, 110 Ohio St., 444.** And this was the law on October 17, 1928, when the application was filed by the city of Toledo in the probate court to secure the assessment of the compensation which it should pay to Mrs. Emery for the appropriated property. The plaintiff herein, with this knowledge, filed her answer and participated in the proceedings had in the probate court and we cannot state our conclusion in words more apt than those used by Danforth, J., in In Re Application of Edward Cooper, 93 N. Y., 507, at page 512.

So, in the instant case, the plaintiff submitted to and invoked the jurisdiction of the probate court with respect to the subject matter of the controversy there pending, viz: the assessment of the compensation for the property owned by her and appropriated by the city, thereby causing the additional cost and expense incident thereto. She took her "chance for a satisfactory valuation" of her property and having done so can not now invoke the assistance of a court of equity to avoid the result of the "chance" so taken.

To assume as proven the claim of plaintiff that a part of the property so appropriated by the city of Toledo was taken for a private and not for a public use, and therefore violative of the due process and equal protection clauses of the **14th amendment of the Federal Constitution,** would not affect the conclusion reached, for the reason that constitutional as well as statutory provisions may be waived by one who might otherwise be entitled to claim their protection.

**Tone vs. Columbus, 39 Ohio St., 281;**
20 C. J., 549, Sec. 37;
In re application of Edward Cooper, 93 N. Y., 507;

People ex rel McLaughlin vs. Police Commissioners, 174 N. Y., 450, 456;
Mayor vs. M. R. Co., 143 N. Y., 1-26.

Having elected to participate in the proceedings in the probate court instead of at once invoking the injunctive aid of the court of common pleas, plaintiff has waived the right and is estopped now to claim that a constitutional provision has been violated, and that the appropriation of her property and the assessment of compensation to be paid to her therefor are illegal and void.

The amended petition of the plaintiff and the amendment filed thereto in this court are dismissed and judgment is rendered against her for costs.

Williams and Richards, JJ, concur.