CITY OF YONKERS, Plaintiff, *v.* M. E. D. CORPORATION and Others, Defendants.

Supreme Court, Westchester County, March 11, 1930.

*Harry J. Laragh, Corporation Counsel,* and *Hamilton Ward, Attorney-General,* and *Henry S. Manley, Assistant Attorney-General,* for the plaintiff.

*Wallin, Beckwith & Edie* and *William J. Wallin,* for the defendants.

GEORGE H. TAYLOR, J. The defendants M. E. D. Corporation and Krug move to vacate the order herein dated August 29, 1929, appointing commissioners of appraisal in this condemnation proceeding, and to dismiss the petition herein, upon grounds concededly asserted by them for the first time upon this motion, that in so far as damage parcel 5-a, owned by the said defendant corporation, and damage parcels 2 and 3-a, owned by the defendants Krug, all not within the bed of the proposed widened highway, are concerned, the proposed taking thereof, being of property in excess of the municipality's requirements for the widened highway, violates the rights of the moving defendants as guaranteed to them by section 1 of the Fourteenth Amendment to the Federal Constitution, inhibiting any State from depriving any person of property without due process of law, and their rights under section 6 of article 1 of the State Constitution. The moving parties contend that, as to said parcels not actually required for the widened highway, the use for which said parcels are being taken is not a public one, and, therefore, that the proposed taking is void. (*Matter of Hopper* v. *Britt,* 203 N. Y. 144, 149.) The moving parties' present motion is based upon its learned counsel's discovery of a case in another jurisdiction. (*City of Cincinnati* v. *Vester,* [C. C. A.] 33 F. [2d] 242.) In effect they attack, as being in violation of the said Fourteenth Amendment, that provision of the State Constitution (Art. 1, § 7, thereof) which permits the Legislature to authorize cities to take more land than is needed for actual construction in the laying out, widening, extending or relocating highways or streets, provided that the additional land shall be no more than sufficient to form suitable building sites abutting on such highway or street; and, after so much of the land and property has been appropriated for such highway or street as is needed therefor (authorizing that), the remainder may be sold or leased. The moving parties also claim that the act by which this power has been delegated by the State to the municipality (Laws of 1926, chap. 556) is likewise in contravention of the Federal Constitution.

The condemnor, in its opposition to the motion, urges (1) that this proceeding in all its aspects and, as well, the said provision of the State Constitution (Art. 1, § 7) and said act (Laws of 1926, chap. 556) are in conformity with the Federal Constitution; and further (2) that in any event, in this proceeding, by reason of the

conceded failure of the moving parties to assert at the first opportunity the constitutional contention now urged, said parties have waived it irrevocably, and are now estopped from asserting it.

After consideration, I have determined that the latter contention of the municipality is valid and must be sustained; and, therefore, I find it unnecessary to discuss, and I omit discussion and determination, of the constitutional question (See *Matter of Cooper*, 93 N. Y. 507, *infra*) thus belatedly raised (and as a matter of law waived) by the moving parties. I am grateful, however, for the rather liberal education provided for me on the subject of excess condemnation in the learned briefs of the Attorney-General, the corporation counsel and the counsel for the moving parties.

In the instant litigation, upon the undisputed facts hereinafter recited, which appear from the moving and opposing papers, as well as from the oral proofs taken by me upon this motion, I determine that the moving parties are now estopped and precluded from urging their contention respecting the alleged invalidity, for constitutional reasons, of this proceeding, and of the relevant section of the State Constitution and of the delegating statute. The following are undisputed facts: (1) Preliminary to the application for the appointment of the commissioners, which resulted in the court's order of August 29, 1929, certain statutory requirements (See Supplemental Charter of the City of Yonkers [Laws of 1908, chap. 452], art. VI, § 2) were complied with. (2) The municipality duly applied for the appointment of commissioners (Supplemental Charter of the City of Yonkers, art. VI, §§ 5, 7), giving the required notice to (Supplemental Charter of the City of Yonkers, art. VI, § 6) and effecting the required legal service upon defendants, including the moving parties, who thereby were fully advised of the fact that the city was seeking to condemn, not only land required for the actual widening, but that abutting land was claimed to be required for the public use, in addition, under the State Constitution (Art. 1, § 7) relating to excess condemnation, and the statute (Laws of 1926, chap. 556) so delegating power in that respect to the municipality. (3) On August 29, 1929, the order for the appointment of the commissioners (Supplemental Charter of the City of Yonkers, art. VI, § 7) and giving to the city immediate possession of all the property sought to be condemned was made, the immediate possession being subject to a stay therein provided, which stay has since expired. (4) Upon the original hearing preliminary to the said order, no answer to the petition was made by the moving parties, nor was any oral suggestion made by them intimating the contention as to the alleged unconstitutionality of the proceedings and otherwise, such as is made by them upon this motion. (5) Subsequent to August

29, 1929, and after the stay expired, the municipality took possession of all the property, and entered into a contract dated October 4, 1929, with a third party, for the demolition of the buildings thereon, and, through such contractor, proceeded with such demolition, which was in large part accomplished before the instant motion was noticed. (6) No appeal by the moving parties from the said order of August 29, 1929, was taken, and the time to appeal, on their part, has fully expired.

Upon these undisputed facts, the moving parties have waived any right to object, upon constitutional or any grounds, to the continuance of this proceeding. For principle read *Akin* v. *Water Commissioners of Amsterdam* (82 Hun, 265, 267); *Matter of Cooper* (93 N. Y. 507, 511, 512); *People ex rel. McLaughlin* v. *Board of Police Commissioners of Yonkers* (174 id. 450, at p. 456).

In *Akin* v. *Water Commissioners of Amsterdam* (*supra*) the court, referring to persons in the position of the moving parties, said (82 Hun, 267): " They had the right and the power to waive their constitutional and statutory rights, if any, and, having once done so, they cannot subsequently claim them."

*Matter of Cooper* (*supra*) is strikingly similar, in its facts, to the instant situation. Therein proceedings were instituted, under chapter 191 of the Laws of 1880, to acquire title to lands for a public market in the city of New York. Commissioners were duly appointed. They appraised land of one Collins, who, after the award had been made to him, moved to set aside the order appointing the commissioners, because of the alleged unconstitutionality of the said act. The court said (93 N. Y. 511): " It is obvious that these objections existed, if at all, at the outset of the proceedings, and when Collins as a property owner was before the court they might have been presented in opposition to the application and motion which resulted in the order of December 13. If they had any merit and he intended to rely upon them, *it was his clear right and duty to bring them forward at the first opportunity*. [Italics mine.] But he was not bound to mention them at all."

The same court further says (93 N. Y. 512): " It is not necessary to consider the validity of the objections, for we agree * * * that the conduct of the appellant at the former stage of the proceedings, and to which we have adverted, estops him from now entering upon the inquiry.

" It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, and that having once done so he cannot afterward ask for its protection. (*Lee* v. *Tillotson*, 24 Wend. 337; *Enbury* v. *Conner*, 3 N. Y. 511; Cooley's Const. Lim. 181.) The appellant is in this position. He partici-

pated as an actor in procuring the order which he now seeks to set aside, and took his chance for a satisfactory valuation of his property for the purpose contemplated by the act. To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter and consent to the order. By this consent he must be deemed to have made his election and should be held to it."

In *People ex rel. McLaughlin* v. *Board of Police Commissioners of Yonkers* (*supra*, 174 N. Y. 456) the Court of Appeals said: " It is well settled by authority that a man may waive any right that he has, whether secured to him by contract, conferred upon him by statute, or guaranteed him by the Constitution." (Citing cases.)

In the above discussion I have not overlooked the circumstance that another constitutional point was urged by one of the moving parties, upon the hearing preliminary to the order of August 29, 1929. It related to the failure of the supplemental charter of Yonkers to provide for costs and allowances to defendants, as is the case in the Condemnation Law (§ 16). The said contention was overruled by the order, with a certain reservation to the effect that whether costs and /or allowances to defendants should be had would be determined upon the motion to confirm the commissioners' report. (See the terms of said order and my memorandum herein dated August 29, 1929.)

The instant motion to vacate the order appointing commissioners, and for other relief, is in all respects denied, but without costs.